IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:21-CV-7-FL

| | |
|---|---|
| ROLAND L. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| JACKSONVILLE POLICE ) | |
| DEPARTMENT, DETECTIVE TIMOTHY ) | |
| CARR, OFFICER KEVIN DOYLE, and ) | |
| STEPHANIE MOSER Assistant D.A., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of plaintiff's pro se complaint, (DE 1, 7), pursuant to 28 U.S.C. § 1915(e), and on plaintiff's motions to terminate and join parties as defendant, (DE 12, 13).

United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint. (DE 8). On February 23, 2022, plaintiff filed an objection to M&R. (DE 11). That same day, plaintiff filed two documents purporting to join Dr. Richard Woodriff ("Woodriff") in his official capacity as Onslow County city manager as well as Jacksonville, North Carolina ("Jacksonville") as defendants; "continue" his complaint against defendant Detective Timothy Carr; and "dismiss" his complaint against defendants Jacksonville Police Department, Kevin Doyle, and Stephanie Moser. (DE 12, 13). In

this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R and dismisses plaintiff's complaint.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The magistrate judge recommends dismissal of plaintiff's action on the grounds that plaintiff's complaint is frivolous or otherwise fails to state a plausible claim for relief. Though plaintiff filed an objection, it is a near verbatim recitation of his originally filed complaint, and thus the court reviews only for clear error. (Compare DE 11, with DE 1, 7). Upon careful review of the M&R and the record in this case, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. For the reasons explained by the magistrate judge, defendant Jacksonville Police Department is not capable of being sued and defendant Stephanie Moser is absolutely immune from liability for the conduct alleged. (See DE 8 at 4-5). As for plaintiff's

claims against detective Timothy Carr and officer Kevin Doyle, brought pursuant to 42 U.S.C. § 1983,[1] plaintiff fails to plead facts upon which relief can be granted. (See DE 8 at 5-15).

In an apparent effort to cure the complaint's deficiencies, plaintiff now moves to "continue" or otherwise "dismiss" his complaint against existing defendants. (See DE 12, 13). Defendant additionally moves to "enter" Jacksonville and Woodriff in his official capacity "into [plaintiff's] civil complaint," which this court construes as a motion to join both as defendants. (DE 12). First, the court adopts the M&R dismissing plaintiff's claims, and thus the court denies as moot that part of plaintiff's motions seeking to continue or dismiss his complaint against existing defendants. Additionally, as plaintiff failed to plead that his alleged constitutional injury is attributable to an official policy, procedure, or custom of the municipality, the court in its discretion denies that part of plaintiff's motion seeking to join Jacksonville. (See DE 8 at 4 n.1 (providing that dismissal would have been appropriate pursuant to Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 694 (1978) had the City of Jacksonville been named as defendant)). For the same reason, the court denies plaintiff's motion to join Woodriff in his official capacity. (See DE 8 at 5-6 (citing Monell and recommending dismissal of plaintiff's claims against defendants in their official capacity for the same reason)).

In sum, plaintiff's pending motions are DENIED, (DE 12, 13), and his claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close the case.

---

[1] The magistrate judge construed plaintiff's claims as being brought pursuant to 42 U.S.C. § 1983, (DE 8 at 3), and in plaintiff's objection he clarifies that his claims are indeed brought pursuant to that statute, (DE 11 at 12).

3

SO ORDERED, this the 16th day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge